STATE OF VERMONT
ENVIRONMENTAL COURT

Appeal of Collins, <u>et</u> <u>al.</u>    }
                                  }
                                  }     Docket No. 237-10-02 Vtec
                                  }
                                  }

### Decision and Order on Cross-Motions for Summary Judgment

Appellants David Collins, William Davis, Alan Tallarico, Robert Raymond and John Hoffman appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Village of Woodstock, upholding the Zoning Administrator's grant of a zoning permit to Cross-Appellants Jed and Martha Dickinson to operate child care serving fewer than six children at their residence. The Dickinsons cross-appealed the decision on the grounds that the Village cannot require them to obtain an ' administrative permit.' Appellants are represented by C. Daniel Hershenson, Esq.; Cross-Appellants are represented by Gerald R. Tarrant, Esq; the Village is represented by Todd C. Steadman, Esq.

The parties have moved for summary judgment on the issue of whether the Village may require Cross-Appellants to obtain a zoning permit to operate a state-registered family child care home serving fewer than six children. Appellants further request the court to remand the matter to the ZBA for it to rule on the application under § 607 (Nonconforming Uses and Noncomplying Structures) and § 710 (Conditional Use) of the Zoning Regulations. The following facts are undisputed unless otherwise noted.

The Dickinsons own a half-acre parcel of property located at 21 River Street in the Residential Low-Density zoning district of the Village of Woodstock. It contains two buildings in residential use: a main house and a detached cottage. As of and after the adoption of zoning in Woodstock some time after 1972, the buildings contained a total of four separate dwelling units: the cottage, the front of the main house, the rear upstairs of the main house, and the rear downstairs of the main house. When the Dickinsons acquired the property in 1987 they occupied the front of the main house as their own residence and continued to rent out the two rear dwelling units and the cottage.

In the Residential Low-Density zoning district, single- and two-family dwellings require only an administrative permit, while detached apartments, multi-family buildings, day-care facilities, and home occupations require conditional use permits. Only agricultural and exempt home office uses do not require a permit at all. In 1991, the Dickinsons applied for and received conditional use approval from the ZBA and an associated zoning permit to operate an office[3] in their home from which to run their Woodstock Recycling & Refuse Company.

At some point during 2002 the Dickinsons ceased renting out the downstairs rear dwelling unit in the main house as a separate unit. They argue that they simply incorporated that space into the

remainder of the front of the main house used as their residence. Appellants claim that the rear dwelling unit still has separate kitchen and bathroom facilities and is still 'designed' and should be treated under the regulations as a separate dwelling unit. We do not resolve that factual dispute on summary judgment. In June of 2002, the Dickinsons applied for and received a building permit to enclose portions of the front and back porches of the main house, and to install a fence along their west boundary and a gate across their driveway. That permit was not appealed and those improvements were completed by August of 2002.

Martha Dickinson applied for and obtained a Family Day Care Home Registration Certificate for 21 River Street from the State of Vermont Agency of Human Services. No challenge was filed to the issuance of this certificate; any such challenge, if one is available, would not be within the jurisdiction of this Court.

When Martha Dickinson filed a copy of the state certificate with the Village Zoning Office in late August, she was informed that an administrative zoning permit was required to operate the family day care home (child care[4] home) at the property. The Dickinsons applied on August 29, 2002 for a zoning permit to establish an in-home day care for six or fewer children at their home at 21 River Street, including a drawing or plan showing which areas of the house would be used for the day care program. On September 3, 2002, the Zoning Administrator issued the zoning permit for an "in-home day care for six or fewer children," citing 24 V.S.A. § 4409(f). Appellants appealed that decision to the ZBA.

While the appeal was pending, the Dickinsons began using the full downstairs of the main dwelling house as a family day care home, between the hours of 7:30 a.m. and 4:30 p.m. on weekdays. Other than during those times, the Dickinsons use the full downstairs of the main house as their residence, as well as the upstairs front portion of the house. On September 6, 2002, the Zoning Administrator issued a Notice of Violation; the Dickinsons appealed to the ZBA and requested a stay of enforcement. The ZBA's action, if any, on the stay of enforcement or the Notice of Violation appeal does not appear to be before the Court in the present case. The ZBA upheld the Zoning Administrator's grant of the administrative zoning permit; both parties appealed in the present appeal.

The Village's authority to regulate child care homes is limited by 24 V.S.A. § 4409(f), which provides in pertinent part[5] that a "state registered or licensed family child care home serving six or fewer children shall be considered by right to constitute a permitted single-family residential use of property."

The Dickinsons argue that this provision precludes the Village from requiring them to obtain a so-called "administrative" permit (zoning permit issued by the Zoning Administrator) before beginning the use. It does not. All that § 4409(f) provides is that a family child care home serving fewer than six children stands on the same footing under the zoning regulations as any single-family residential use of property. If a single-family residential use is prohibited (e.g., in an industrial district), a family child care home serving fewer than six children can be prohibited. If, as in the present case, a single-family residential use is a permitted use requiring an 'administrative' zoning permit issued by the zoning administrator, so does a family child care home serving fewer than six children. If a new single-family residence must meet certain density

or setback requirements, so must the family child care home serving fewer than six children. If a single-family residential use is grandfathered as to setbacks or density, so is a family child care home use serving fewer than six children in that residence.

Accordingly, Cross-Appellants' Motion for Summary Judgment is DENIED: the Village acted properly under § 4409(f) by requiring them to obtain an administrative zoning permit to add the family child care home use of their residential property.

Appellants also argue that the 21 River Street property is a non-conforming multi-family use on an undersized lot and therefore the addition of the child care use to it requires a approval of the ZBA as a change to a nonconforming use, which also requires a conditional use permit, under § 607(A)(1).

If the Dickinsons needed to obtain approval of their incorporation of the formerly separate downstairs rear dwelling unit into their residence, under § 607(A)(1), then they needed to obtain that approval regardless of whether they were planning to run a family child care home in any portion of their residence, and not because of that fact, as discussed above. Approval under § 607(A) is required for a change to a nonconforming use, even if it is not an expansion, and even if the change actually reduces the nonconformity.

When the zoning regulations took effect, the property housed a multi-family (3-unit) residential use in the main house plus a detached apartment in the accessory building, for a total of four units. It was nonconforming as to density on a half-acre lot, as that configuration required a total of 60,000 square feet of lot area; that is, 40,000 square feet for the 3-unit main house and an additional 20,000 square feet for the detached apartment. § § 304(E)(1) and 509.

When and if the Dickinsons merged the downstairs rear unit with the front unit in the main house, the main house appears to have become a two-family dwelling, with the detached apartment remaining as a third dwelling unit in the accessory building. This merger would have left the uses on the property still nonconforming as to density on a half-acre lot, but less nonconforming, as that configuration required a total of 40,000 square feet of lot area, (20,000 square feet for the 2-unit main house and an additional 20,000 square feet for the detached apartment). If the merger occurred, they therefore appear to need approval of the ZBA under § 607(A)(1) for the change of use of the main house from three residential dwelling units to two residential dwelling units. Appellants' Motion for Summary Judgment is GRANTED in PART to that extent.

However, we stress that the approval of the ZBA under § 607(A)(1) is not required for the use of the merged unit for child care purposes, but only for the merger of those two dwellings itself. That is, any consideration by the ZBA of the effect of the merger, for example, on the character of the neighborhood, would consider only the comparison of a three-unit house with a two-unit house, and not the use of any of those units for child care of six or fewer children. Appellants' Motion for Summary Judgment is therefore DENIED in PART on that issue. We also note that any ZBA action under § 607(A)(1) is not before this Court in this appeal, as it was not the subject of the decision on appeal, and that therefore no remand would be necessary for the ZBA to accept and act on an application under § 607(A)(1).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both parties' Motions for Summary Judgment are GRANTED in Part and DENIED in Part. This decision appears to conclude all the issues in both Appellants' and Cross-Appellants' Statements of Questions. However, if any party believes that any issues remain before the Court in the present appeal, please call the Court on or before June 4, 2003, in which case we will schedule a telephone conference for June 16, 2003 to discuss those issues.

Done at Barre, Vermont, this 26th day of May, 2003.

_____
Merideth Wright
Environmental Judge

## Footnotes

1.    Under the Woodstock Zoning Regulations, a zoning permit issued by the Zoning Administrator for a permitted use category of use is denominated an 'administrative permit.'

2.    Appellants have moved to strike Cross-Appellants' argument III and three attached documents. The argument and attachments are not necessary to the present appeal, and the Court has not considered them in the present decision. To that extent the Motion to Strike is granted, or has become moot.

3.    Only the permit was provided by the parties, not the ZBA decision or the application. It is not clear to the Court why this application was not considered an exempt home office use under §307(B)(2); however, that issue is not before the Court.

4.    The term used in the currently applicable state statute is "child care home." 24 V.S.A. §4409(f).

5.    The statute allows a municipality to require site plan approval for child care homes serving up to six children full-time and four children part-time, and to subject larger child care facilities to all zoning bylaws.